**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN STOLL,<br><br>     Plaintiff,<br><br>     v.<br><br>COUNTY OF KERN, *et al.*,<br><br>     Defendants, | 1:05-CV-01059 OWW SMS<br><br>MEMORANDUM DECISION GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

Before the court for decision is Plaintiffs' motion for leave to file a second amended complaint to conform his complaint to rulings made on Defendants' prior motion to dismiss. (*See* Doc. 77, filed Sept. 8, 2008.) Among other things, the proposed amended complaint seeks to add Barbara B. Kleier as a defendant, as the surviving spouse of previously named defendant Edward L. Kleier, who passed away on January 5, 2007. (*See* Doc. 86-2.) Defendants do not oppose amendment of the complaint, but do oppose applying the prayer for punitive damages to Ms. Kleier. (Doc. 90.)

Federal Rule of Civil Procedure 25 provides in part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party."  This is a purely procedural rule that does not bear upon the validity of a claim against a substituted party.  The Ninth Circuit looks to substantive state law for a determination as to the survivability of claims. *Moreland v. City of Las Vegas,* 159 F.3d 365, 369 (9th Cir. 1998);

1

*Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1094, n.2 (9th Cir. 2006).

California Code of Civil Procedure § 377.42 provides:

> In an action or proceeding against a decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest[1], on a cause of action against the decedent, all damages recoverable that might have been recovered against the decedent had the decedent lived <u>except damages recoverable under Section 3294 of the Civil code or other punitive or exemplary damages</u>.

(Emphasis added.) Under California law, claims for punitive damages do not survive the death of the alleged wrongdoer. To the extent Plaintiffs' amended complaint seeks a punitive damage award against Mr. Kleier's widow, no such claim is permitted. The amended complaint may be filed, provided that any request for punitive damages against Ms. Kleier are removed. The right to recover such damages as to Ms. Kleier died with Mr. Kleier. The right to recover such damages as to Mr. Kleier died with Mr. Kleier

Any amended complaint shall be filed within ten (10) days following the date of service of this decision.

**IT IS SO ORDERED.**

Dated:   December 18, 2008              /s/ Oliver W. Wanger
                                     **UNITED STATES DISTRICT JUDGE**

---

[1]   California Code of Civil Procedure § 377.11 provides: "For the purposes of this chapter, "decedent's successor in interest" means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."